HARRY H. WILLOCK, *Plaintiff in Error*, v. T. R. PARKER,
*Defendant in Error*.

Division B.

Opinion filed July 19, 1928.

Petition for rehearing denied September 25, 1928.

*Carter & Yonge,* for Plaintiff in Error.

*E. D. Beggs,* and *Watson, Pasco & Brown,* for Defendant in Error.

PER CURIAM.—Defendant in error, T. R. Parker, brought an action against plaintiff in error, Harry H. Willock, to recover commissions for procuring a purchaser ready, able, and willing to purchase certain real estate, the property of the said Harry H. Willock. Parker was awarded a verdict and judgment in the sum of $7,500.00 from which writ of error was taken to this Court.

It is contended here that the evidence does not support the pleadings; that the evidence does not support the verdict; that evidence was improperly admitted and charges improperly given that Willock had a right to discharge Parker and that Parker did not maintain good faith toward Willock throughout their dealings.

It is unnecessary in this opinion to restate the law governing brokers and the relation between a contract to sell and a contract to find a purchaser ready, able and willing to purchase on terms stated. We have examined the record carefully and we think the declaration sufficiently shows a contract to secure a purchaser and that a purchaser was in fact secured who signified his willingness to purchase on terms agreed on by him and the defendant, Willock. It is true that the evidence on these matters was conflicting but the jury whose province it was found against appellant and we are not convinced that their finding should be reversed. We fail to find that harmful error was

committed either in the admission or rejection of testimony or in the charges given by the trial court.

Very illuminating briefs have been submitted in support of appellant's contention, but we fail to find that reversible error was committed so the judgment below is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.